**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-20381-DSL/DSW**

**GABRIEL JULIO SOSA,**

      **Plaintiff,**

**v.**

**CITY OF MIAMI, et al.**

      **Defendants.**

**REPORT AND RECOMMENDATION
TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable David S. Leibowitz, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 2, 8]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On January 20, 2026, pro se Plaintiff Gabriel Julio Sosa ("Plaintiff") filed a Complaint against Defendant City of Miami ("Defendant") for Malicious Prosecution under the Fourth and Fourteenth Amendments and under 42 U.S.C. § 1983 (Count I). [ECF No. 1]. Contemporaneously, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). [ECF No. 3]. The Court denied Plaintiff's motion, but instructed Plaintiff that, should he wish to proceed without prepaying fees or costs in this action, he should re-file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) by February 9, 2026 ("Long Form IFP Motion"). [ECF No. 4]. Plaintiff did not re-file a Long Form IFP Motion by

1

February 9, 2026. Instead, Plaintiff filed an Amended Complaint on March 2, 2026, adding John Doe Officers as defendants. [ECF No. 5]. On April 1, 2026, the Court entered a *sua sponte* order to show cause instructing Plaintiff to either (1) pay the filing fee, or (2) file Long Form IFP Motion by April 22, 2026. However, to date, Plaintiff has not paid the filing fee, nor has he filed a Long Form IFP Motion.

When a plaintiff fails to comply with the Court's orders to pay the filing fee, or as in this case when the Court gave Plaintiff the opportunity to demonstrate his indigency, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff two opportunities to file a Long Form IFP Motion and has warned Plaintiff that failure to do so may result in dismissal. *See* [ECF Nos. 4, 6]. Plaintiff has still failed to comply with these Orders, and his failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that

a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of April, 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All Counsel of Record

Gabriel Julio Sosa, Pro Se
125 W 25th St., Apt 3
Hialeah, Florida 33010